UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

07 CV 3365

JUDGE CROTTY

07 CV_____

**COMPLAINT**



                                        Plaintiffs,

            -against-

MFV DEVELOPMENT CORP.,

                                        Defendant.
-------------------------------------------------------------------X

        Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

                            **NATURE OF THE CASE**

        1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

MFV Development Corp. ("Employer").

                                **JURISDICTION**

        2.      This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

### VENUE

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

### PARTIES

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant MFV Development Corp. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 124 Bartow Street, Staten Island, New York 10309.

8.      The defendant is an employer within the meaning of section 3(5) of ERISA, 29

2

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.      Defendant, MFV Development Corp., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2005. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10.     A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11.     Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12.     Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated October 25, 2006 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.     The arbitrator found that MFV Development Corp. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of July 20, 2005 through October 25, 2006 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14.     The arbitrator also found that MFV Development Corp. was required to pay the

funds a sum of $2,400.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.     The defendant, MFV Development Corp. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.      For an order confirming the arbitration award in all respects;

2.      For entry of judgment in favor of the Plaintiffs ordering MFV Development Corp. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period July 20, 2005 through October 25, 2006.

3.      For entry of judgment in favor of the Benefit Funds and against MFV Development Corp. ordering MFV Development Corp. to pay the Benefit Funds a total sum of $2,400.00 pursuant to the arbitrator's award.

4.      For attorneys' fees and costs of this action;

5.      For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        April 27, 2007

_____
ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

**OPINION AND**
**DEFAULT AWARD**
**OF ARBITRATOR**

---------------------------------------------------------------------------x

**In the matter of the Arbitration between**

The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York and Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Paul O'Brien, as Trustees,

**Petitioners,**

-against-

**M F V Development Corp.,**

**Respondent**

---------------------------------------------------------------------------x

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 07/01/2005, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners that the Funds are unable to ascertain the amount of contributions due it as the Respondent has not allowed an audit of its books as required by the collective bargaining agreement.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 08/28/2006, the undersigned by Notice of Hearing dated 09/06/2006, scheduled a hearing for 10/24/2006, in order to determine the dispute between the parties.

1

## OPINION

On 10/24/2006, at the place and time designated at the aforesaid Notice of Hearing, Steven Kasarda, Esq., appeared on behalf of the Petitioners and submitted proof that the Respondent-Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Respondent nor any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 07/01/2005.   This Contract obligated the Respondent-Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.

The testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been attempted on numerous occasions but without success.   Therefore the Funds are unable to ascertain the amount of contributions due the aforesaid Funds during the period of 07/20/2005 through Date.

Therefore Steven Kasarda, Esq. argues in order for the Funds to establish the amount of contributions it is due requires an award directing this Respondent-Employer to produce any and all books and records requested by the Benefit Funds Office, specifically cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the audit period 07/20/2005 through Date .

2

## AWARD

Upon the substantial and credible evidence of the case as a whole I find that the Respondent- Employer, M F V  Development Corp., failed to comply with the Collective Bargaining Agreement as it relates to allowing an audit of its books and records, and orders this Respondent-Employer to forthwith produce any and all books and records specifically cash disbursement section of the cash book, general ledger, job location records, daily location records, daily time records and all certified payrolls for the audit period 07/20/2005 through Date , to the Board of Trustees of the New York City District Council of Carpenters Benefit Funds.

Pursuant to the Collective Bargaining Agreement the Arbitrator orders this Rspondent-Employer to pay forthwith to the Funds a sum total of  $ 2,400.00  which represents the Funds costs incurred in this matter.  The costs are as follows:

| | | |
|---|---|---|
| Attorney's Fee………………………. | $ | 1500.00 |
| Arbitrator's Fee……………………… | $ | 150.00 |
| Court Costs………………………….. | $ | 250.00 |
| Audit Cost………………………….. | $ | 500.00 |
| **TOTAL** | **$** | **2,400.00** |

Dated: Brooklyn, New York
       October 25th, 2006

                                         **ROGER E. MAHER,** Arbitrator

To:    Steven Kasarda. Esq.
       New York City District Council Carpenters Benefit Funds
       395 Hudson Street
       New York, New York 10014

       Thomasina Caba
       New York City District Council Carpenters Benefit Funds
       395 Hudson Street
       New York, New York 10014

       M F V  Development Corp.
       P.O. Box 61816
       Staten Island, N.Y.  10306
       Attn: Michael Varrone, Pres.

3

**AFFIRMATION**

STATE OF NEW YORK  )
COUNTY OF KINGS  )
The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

ROGER E. MAHER